IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| M.P.I. LTD. TRUST; DAVID DOUGLAS KROMER, TRUSTEE,<br><br>Appellants,<br><br>vs.<br><br>HOWARD M.S. HU, TRUSTEE, *et al.*,<br><br>Appellees. | CV. NO. 17-00460 DKW-KSC<br><br>Bankr. No. 17-00245<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS** |

On September 13, 2017, one of the Appellants in this bankruptcy appeal, David Douglas Kromer, Trustee, purportedly on behalf of Appellant M.P.I. Ltd. Trust, filed in United States Bankruptcy Court, District of Hawaii: (1) a Notice of Appeal And Statement Of Election, and (2) an Application To Proceed In District Court Without Prepaying Fees Or Costs, seeking to proceed *in forma pauperis* on appeal ("IFP Application").[1] Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he or she is unable to pay. *See* 28 U.S.C. § 1915(a)(1). "An

[1]The Notice of Appeal and IFP Application were transmitted to this district court on September 14, 2017, and the instant civil action was opened on September 15, 2017. *See* Dkt. No. 1-1 (IFP Application) and Dkt. No. 1-2 (Notice of Appeal). The IFP Application is properly before the district court, rather than the bankruptcy court. *See In re Perroton*, 958 F.2d 889, 896 (9th Cir. 1992) (bankruptcy court lacks authority to waive fees under Section 1915(a)).

affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty.") (internal quotation omitted).

When reviewing an application filed pursuant to Section 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

Here, Kromer states in the IFP Application only that "fee waiver under Rules for waiver of fees for a Trust state that has no money [sic]," and, that Kromer is "applying in the capa[c]ity of the Trustee, not as an individual." Although Kromer did not complete the portions of the IFP Application indicating whether (1) he, individually, (2) the Trust itself, or (3) any other applicant has any wages, other income, or assets in support of his request, he does declare: "This is a Trust[.] [T]he

Trust Estate has no money and because land lord did not check box as a residence with guilty knowledge it was my home I got evicted with only the shirt on my back and threat of arrest if I did not leave immediately."

First, to the extent the IFP Application seeks to "waive fees for a Trust . . . that has no money," the request is denied. The statutory text of Section 1915(a) provides that a court may authorize court proceedings without prepayment by a "person" who is unable to pay the fees. 28 U.S.C. § 1915(a). The Supreme Court has held that Section 1915 applies only to "natural persons," and declined to extend *in forma pauperis* status to other legal entities. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198–201 (1993) (observing that the relevant congressional history lacked any indication Congress contemplated the term "person" to include legal entities).[2]

Second, to the extent Kromer seeks to proceed without paying the costs of this appeal, he fails to establish that he individually cannot pay the court costs and still afford the necessities of life. *See, e.g.*, 2017 HHS Poverty Guidelines, https://www.federalregister.gov/documents/2017/01/31/2017-02076/annual-update

---

[2]Moreover, the Court informs Kromer that only a licensed attorney may represent an entity such as a corporation, partnership, association, or trust in federal court. *See, e.g.*, *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987); *see also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (stating the well-established rule that a fictional legal person such as a corporation must be represented by a licensed attorney even when the non-attorney seeking to represent the corporation is its president and major stockholder); *Knoefler v. United Bank of Bismark*, 20 F.3d 347, 348 (8th Cir. 1994) (holding that a nonlawyer trustee has no right to represent a trust pro se ).

-of-the-hhs-poverty-guidelines (indicating that the poverty threshold for a one-person household in Hawaii is $13,860).

Although Kromer makes vague allegations that the *Trust* is without assets and that he has been evicted, the IFP Application is incomplete with respect to his individual assets and liabilities. His declaration regarding Trust assets also appears to be contradicted by his filings in the bankruptcy court.[3] In sum, Kromer fails to establish that he cannot both pay the costs of litigating this case "and still be able to provide himself . . . with the necessities of life." *See Adkins*, 335 U.S. at 339 (internal quotation marks omitted). Accordingly, the Court finds that Kromer has not made the required showing under Section 1915 to proceed without prepayment of fees, and DENIES his IFP Application. If Kromer wishes to proceed with this appeal, he must either (1) re-submit a fully executed IFP Application or (2) remit the appropriate filing fee by **October 16, 2017**. Failure to do so will result in the automatic dismissal of this action.

---

[3]The Court takes judicial notice of filings in the underlying Chapter 12 Bankruptcy. *See* Fed.R.Evid. 201(b); *In re Keahey*, 414 F. App'x 919, 923 (9th Cir. 2011). Kromer as Trustee for M.P.I. Ltd. Trust, on April 24, 2017, filed bankruptcy schedules and statements listing various Trust assets in bankruptcy court that were *not* identified on the IFP Application, such as $40,000 in accounts receivable, and other property worth hundreds of thousands of dollars. *See* Bankr. No. 17-00245, Dkt. No. 19 (Amended Schedules A/B and E/F, Summary of Assets and Liabilities and Certain Statistical Information, Amended List of Creditors).

1. The Clerk of Court is DIRECTED to send Kromer a copy of this Order and the Court's Application to Proceed *in forma pauperis* with the accompanying information sheet.

2. Kromer is GRANTED until **October 16, 2017** to (a) pay the filing fee; or to (b) submit a completed and executed application to proceed *in forma pauperis* on the form provided by the court with this Order.

3. Failure to timely file an *in forma pauperis* application or to pay the applicable filing fee by **October 16, 2017** will result in AUTOMATIC DISMISSAL of this action.

IT IS SO ORDERED.

DATED: September 19, 2017 at Honolulu, Hawai'i.




Derrick K. Watson
United States District Judge

*M.P.I. Ltd. Trust et al. v. Hu et al.*; CV 17-00460 DKW-KSC; **ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS**